IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DESOUSA,

Petitioner,

v.

MICHAEL WASHINGTON,

Respondent.

Civil No. 05-501-ST

FINDINGS AND RECOMMENDATION

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

///

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the validity of his state convictions on the basis that he suffered from the ineffective assistance of trial counsel. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied, and a judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On August 16, 1996, petitioner was indicted in Multnomah County on four counts of Sexual Abuse in the First Degree, one count of Sodomy in the First Degree, and one count of Attempted Sexual Abuse in the Third Degree. Respondent's Exhibit 102. In January 1997, he pled no contest to three counts, but later withdrew his pleas to allow him to undergo a psychological evaluation to determine whether he was fit to aid and assist in his own defense. Respondent's Exhibits 122, 124, 130.

Following multiple psychological evaluations, petitioner was deemed able to aid and assist in his own defense. He then proceeded to re-enter his guilty pleas to Sexual Abuse in the First Degree, Sodomy in the Second Degree, and Sexual Abuse in the Third Degree. Respondent's Exhibit 106. Against the advice of counsel, petitioner sought to withdraw his guilty pleas a second time. The trial judge denied the request as follows:

> Folks, have a seat. Let me tell you something. Mr. DeSousa has been down this road before. And I was just

> taking a quick look at the file. He was evaluated and evaluated. He had counsel. He entered a plea. He was permitted to withdraw his plea. He changed counsel. And this all occurs each time he gets close to sentencing or any sort of disposition in court.
>
> I am going to find that Mr. DeSousa's plea was appropriately entered, he's not only been down this plea path once, but twice. He's been advised and readvised. I'm going to deny his request to withdraw his plea. And I'm going to proceed to sentencing.

Respondent's Exhibit 107, pp. 28-29.

The case proceeded to sentencing where the court sentenced petitioner to a total term of imprisonment of 92 months. *Id* at 50-51.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Desousa*, 157 Or. App. 399, 972 P.2d 1226 (1998), *rev. denied*, 328 Or. 275, 977 P.2d 1173 (1999).

Petitioner next filed for post-conviction relief ("PCR") in Marion County, but the PCR trial court denied relief on his Petition. Respondent's Exhibits 148-150. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Desousa v. Palmateer*, 193 Or. App. 484, 93 P.3d 845, *rev. denied*, 337 Or. 476, 99 P.3d 1235 (2004).

Petitioner filed this federal habeas corpus case on April 11, 2005, alleging that his trial attorneys rendered ineffective assistance of counsel which, in turn, resulted in petitioner's

uninformed decision to plead guilty. Petitioner's supporting memorandum is limited to claims that his attorneys failed to:

1. thoroughly investigate the facts of the case and did not adequately investigate his mental state;

2. adequately investigate grounds for a meritorious motion to suppress statements made by petitioner; and

3. adequately advise petitioner of the strengths and weaknesses of the prosecution's case or his available defenses.

Respondent asks the court to deny relief on these claims because the state court decisions are entitled to deference.

## FINDINGS

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that

contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

Petitioner asserts that no deference should be accorded to the PCR trial court's decision in this case because that court did not personally hear petitioner's testimony or that of trial counsel. Thus, there was no cross-examination to test witness recollections or assess the credibility of those witnesses. To support his contention, petitioner cites *Buffalo v. Sunn*, 854 F.2d 1158 (9th Cir. 1988), a case in which the Ninth Circuit determined that a federal district court must hold an evidentiary hearing when faced with competing affidavits pertaining to a cause and prejudice analysis arising from a procedural default.

*Buffalo* does not mandate the result advocated by petitioner, but was decided prior to Congress' enactment of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a statute which compels deference to state court decisions and provides no indication that different standards apply depending on whether a state court decision is based on live or paper testimony. This court is unaware of any post-AEDPA authority which eliminates or otherwise alters the deference requirement when witness statements are introduced to a PCR trial court through affidavits and depositions. Accordingly, this court lends deference to the decision of the PCR trial court as required by the AEDPA.

## II. Ineffective Assistance of Counsel

Petitioner argues that his trial attorneys were ineffective because they failed to investigate the facts underlying his case, confession, and mental state, and also failed to properly advise him. The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, petitioner must demonstrate that any deficient performance by his attorneys rendered his guilty pleas involuntary and unknowing. *Id* at 56 (test for determining validity of guilty plea is whether the plea represents a voluntary and intelligent choice).

In this case, the PCR trial court issued a Letter Opinion in which it found the State's Trial Memorandum persuasive, determined that petitioner failed to prove his claims by a preponderance of the evidence, and directed the State's attorney to draft appropriate findings of fact and conclusions of law incorporating the arguments from its Trial Memorandum. Respondent's Exhibit 148. The factual findings ultimately adopted by the PCR trial court included the following:

> 2. Petitioner failed to prove that either of his attorneys spent an inadequate amount of time investigating petitioner's case, including the charges, witnesses, and potential defendants.

>    In addition, petitioner failed to provide any evidence of what his attorneys did, and any evidence of why what they did do was not adequate.
>
> 3.   Petitioner failed to prove that his mental capacity was "diminished" when he was interrogated by the police. Further, petitioner failed to prove that either of his attorneys could or should have done something else to have petitioner's mental state evaluated.
>
> 4.   Petitioner failed to prove that there were grounds for filing a motion to suppress petitioner's statements to the police.
>
>                     * * *
>
> 6.   Petitioner failed to prove that his confession was not voluntary.
>
> 7.   Petitioner failed to present any evidence to show what would have been an "adequate" investigation into petitioner's mental state. Further, petitioner failed to offer any expert testimony proving that his mental capacity was "diminished" during the summer of 1996.
>
> 8.   Petitioner failed to show that any of the advice counsel provided by petitioner's defense attorneys was unreasonable under the totality of the circumstances.

Petitioner's Exhibit 149, p. 3.

In order to demonstrate that the PCR trial court unreasonably applied *Strickland* to the facts of his case, petitioner must overcome the relevant factual findings by a showing of clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner does not attempt to do so, and instead asserts that the PCR trial court applied an incorrect burden of proof by stating in its Letter

Opinion that he failed to prove his claims by a preponderance of the evidence.

ORS 138.620(2) governs the burden of proof in Oregon's PCR proceedings, and requires only that "[t]he burden of proof of **facts** alleged in the petition shall be upon the petitioner to establish such **facts** by a preponderance of the evidence." ORS 138.620(2) (emphasis added). Oregon law does not require PCR courts to misapply any governing legal standards, and the PCR trial court did not do so in petitioner's case. The PCR trial court merely applied the preponderance of the evidence standard to the facts of the case as it was required to do. Courts have repeatedly held that litigants seeking to prevail in a PCR proceeding must prove the facts of their case by a preponderance of the evidence. *Holland v. Jackson*, 542 U.S. 649, 654 (2004); *Alcala v. Woodford*, 334, 862, 869 (9th Cir. 2003); *Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir. 2003). Accordingly, the court finds that the PCR trial court did not subject petitioner to an improper standard of review.

Petitioner also takes issue with the method by which the PCR trial court rendered its Findings of Fact and Conclusions of Law. He argues that the verbatim adoption of the State's proposed language requires this court to more closely scrutinize the PCR trial court's decision.

Petitioner makes no showing that the PCR trial court failed to independently evaluate the State's proposed Findings of Fact and

Conclusions of Law prior to adopting them. Indeed, prior to adopting the State's proposed findings, the PCR trial court issued its own Letter Opinion finding that petitioner had not met his burden of proof. Respondent's Exhibit 148. That Letter Opinion, further indicated that the court found "the [State's] memorandum persuasive" and asked the State's attorney to "incorporate those arguments in preparing findings and conclusions along with an appropriate form of judgment of dismissal." *Id* at 2. On this record, it appears that the PCR trial court independently evaluated this case and rendered its own decision before calling on the prevailing party to assist by preparing findings of fact and conclusions of law.

In addition, the AEDPA requires that a federal habeas court presume a PCR trial court's factual findings to be correct absent clear and convincing evidence to the contrary, and makes no separate provision for factual findings prepared by the prevailing party. 28 U.S.C. § 2254(e)(1). Moreover, in the context of an employment action, the Supreme Court has stated "that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 572 (1985). The Fifth Circuit, relying on *Anderson*, has rejected the contention that findings prepared by a prevailing party in a state post-conviction action and adopted verbatim are not entitled to

deference in a later federal habeas action. *Nichols v. Scott*, 69 F.3d 1255, 1277 (5th Cir. 1995).

Even assuming, post-AEDPA, that a federal habeas court is automatically required to conduct an independent review of the record where the PCR trial court adopts proposed findings from a prevailing party, petitioner is nevertheless not entitled to relief. The court's own review of the record reveals that petitioner failed to prove his allegations during his PCR trial which largely consisted of a credibility contest between petitioner's affidavit and deposition testimony, and the affidavits of trial counsel. At the very least, a PCR trial court is entitled to resolve such a contest without second-guessing by a federal court. Accordingly, the court finds the factual findings in this case to be supported by the record and, therefore, entitled to AEDPA's statutory presumption of correctness.

Because this court takes the PCR trial court's factual findings as true, its decision to deny relief on petitioner's ineffective assistance of counsel claims was neither contrary to, nor an unreasonable application of, clearly established federal law.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

///

///

**SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due August 8, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 22nd day of July, 2008.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge